DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction in the Wood County Court of Common Pleas. Because we conclude that appellant's jury waiver was valid, that appellant was not deprived of effective assistance of counsel, and that the conviction was not against the manifest weight of the evidence, we affirm.
 {¶ 2} On September 10, 2002, Fostoria firefighters responded to a 911 call reporting a possible fire at Lot 12 in the Nyes Trailer Park in Fostoria, Ohio. Firefighters arrived on the scene approximately three minutes after receiving the call. Upon entering the mobile home, firefighters observed flames burning from a pile of sofa cushions, clothes, and other miscellaneous objects just inside the door. The mobile home was unoccupied.
 {¶ 3} Jacqueline Navarro, owner of the mobile home, arrived shortly after the fire was extinguished and talked to the firefighters and the state fire marshal. Navarro reported to the firefighters that appellant, Martin Muniz, had threatened her and could have set the fire. The evening before, appellant had been arrested for domestic violence against Navarro, and had been released on community control.
 {¶ 4} While Navarro was talking to the firefighters, appellant approached and started shouting and yelling at Navarro. Appellant told Navarro that the fire was God's way of punishing her. According to firefighter Stahl's testimony, appellant was "right in her face hollering that, you know, that this is what you deserve being with another Mexican man or something of that nature." Appellant also told Navarro that her brother had just beaten him up and that he was worried that her brother would kill him.
 {¶ 5} Earlier that morning, Lola Wildman, who lived directly behind Navarro's mobile home, smelled smoke and made the 911 call to the fire department. She testified that she had been standing behind Navarro's mobile home when she saw a man coming around the corner behind [Navarro's mobile home] and asked him what was burning. The man replied, "I don't know," then quickly moved away through the mobile home lots. Wildman later identified appellant in a photo array as the man she saw the morning of the fire.
 {¶ 6} Appellant was subsequently indicted by the Wood County Grand Jury on one count of aggravated arson, a second-degree felony pursuant to R.C. 2902.02(A)(2). Appellant pled not guilty at his arraignment on October 15, 2002. On January 31, 2003, appellant filed a waiver of jury trial form. On February 5, 2003, the matter proceeded to trial before the bench. The trial court found appellant guilty of aggravated arson, and sentenced appellant to two years imprisonment plus payment of restitution. From that judgment of conviction, appellant now brings this appeal. Appellant sets forth the following assignments of error:
 {¶ 7} "I. The trial court erred prejudicially for want of a proper colloquy as to appellant's waiver of his right to a jury trial.
 {¶ 8} "II. Appellant received ineffective assistance of counsel as a matter of law, where his public defender had taken a position with the prosecutors' office, where there was no colloquy about appellant's waiver of any conflict of interest.
 {¶ 9} "III. The verdict was against the manifest weight of the evidence.
 {¶ 10} "IV. The cumulative effect of errors during the trial and sentencing resulted in appellant being denied a fair trial."
 {¶ 11} I.
 {¶ 12} In his first assignment, appellant argues that the trial court's colloquy with appellant did not reveal whether appellant's waiver was knowing. Appellant submitted a signed jury waiver form to the court, and the signed waiver was properly journalized and made part of the record in this case. At the commencement of his trial before the bench, the court undertook the following colloquy with appellant:
 {¶ 13} "THE COURT: The waiver of trial form I have in front of me is a Waiver of Trial by Jury. You still have all of the same rights with a court trial that you would have with the jury trial except for there won't be a jury of 12 of your peers deciding the case; do you understand that?
 {¶ 14} "MR. MUNIZ: Yes, sir.
 {¶ 15} "THE COURT: You have signed this written waiver in front of your counsel; is that right?
 {¶ 16} "MR. MUNIZ: Yes, sir.
 {¶ 17} "THE COURT: Yes. You have done that voluntarily; is that correct?
 {¶ 18} "MR. MUNIZ: (Indicating).
 {¶ 19} "THE COURT: All right."
 {¶ 20} Appellant argues that the trial court had an affirmative duty to conduct a colloquy such as to elicit from appellant his knowledge that "the jury decision would have to be unanimous in order to convict him, or that he could participate in the selection of jurors."
 {¶ 21} A defendant's right to be tried by a jury can be waived pursuant to R.C. 2945.05. "The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel." State v.Jells (1990), 53 Ohio St.3d 22, 26. Appellant's signed written jury waiver form was properly made part of this record, and it conforms to the dictates of R.C. 2945.05. Once R.C. 2945.05 has been satisfied, "there is no requirement for a trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial." State v.Jells, supra, paragraph one of the syllabus.
 {¶ 22} Signed written waivers are presumed constitutionally valid. "[A] written waiver is presumptively voluntary, knowing, and intelligent." State v. Bays (1999), 87 Ohio St.3d 15, 19, citing United States v. Sammons (C.A. 6, 1990), 918 F.2d 592,597. The Ohio Supreme Court recently extended Jells' rule to the Ohio Constitution. "Jells holds that the statute and rules require no inquiry [by the trial court], and we now hold that nor does the Constitution." State v. Thomas (2002),97 Ohio St.3d 309, 313-314, 2002-Ohio-6624, ¶ 27. The United States Constitution also presumes that written waivers are voluntary, knowing and intelligent. Technical knowledge of the jury trial right is not required for a written jury waiver to be effective. See U.S. v. Sammons (C.A. 6, 1990), 918 F.2d 592, 596.
 {¶ 23} Since appellant's signed waiver conforms to the mandates of R.C. 2945.05 and the trial court's colloquy with appellant was constitutionally sufficient, no error occurred. Appellant's first assignment of error is not well-taken.
 {¶ 24} II.
 {¶ 25} Appellant asserts in his second assignment of error that he received ineffective assistance of counsel due to a possible conflict of interest. The state contends that appellant waived any conflict of interest through a written waiver. At the commencement of the sentencing phase, appellant's appointed counsel notified the trial court that he had accepted employment with the Wood County Prosecutor's Office in the following manner:
 {¶ 26} "MR. MENESES: Thank you, Your Honor. First of all, for the record, I would place on that [sic] I spoke to Mr. Muniz. He understands that I am taking employment with the Wood County prosecutor's office. He has signed a document, which we have in our file, waiving that conflict. He wishes me to cover his sentencing today and to go forward with him today, Your Honor.
 {¶ 27} "THE COURT: All right."
 {¶ 28} The matter proceeded to sentencing. No written waiver of conflict of interest by appellant was made part of the record, and the trial court held no colloquy with appellant.
 {¶ 29} "[S]entencing is a critical stage of the criminal proceeding at which [a defendant] is entitled to the effective assistance of counsel. Mempa v. Rhay, 389 U.S. 128; Specht v.Patterson, 386 U.S. 605. The defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process. See Witherspoon v.Illinois, 391 U.S. 510, 521-523." Gardner v. Florida (1977),430 U.S. 349, 358. Appellant bears the burden of proving that his trial counsel was ineffective. State v. Hamblin (1988),37 Ohio St.3d 153, 156.
 {¶ 30} "Where a constitutional right to counsel exists,Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest." Wood v.Georgia (1981), 450 U.S. 261, 271. Other jurisdictions have faced factually similar conflict of interest situations, see e.g., Garcia v. Bunnell, (C.A. 9, 1994)33 F.3d 1193, U.S. v.Franklin, (E.D. Pa. 2002) 213 F. Supp.2d 478, 485 (reviewing cases involving factually similar alleged conflict situations and finding no actual conflict).
 {¶ 31} Generally, counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus; State v. Lytle (1976),48 Ohio St.2d 391; Strickland v. Washington (1984), 466 U.S. 668, followed. However, in cases where a defendant alleges his right to counsel was impinged by a conflict of interest, the tripartite decisions of Cuyler v. Sullivan (1980) 446 U.S. 335, Hollowayv. Arkansas (1978) 435 U.S. 475, and Wood v. Georgia (1981)450 U.S. 261, "apply needed prophylaxis in situations whereStrickland itself is evidently inadequate to assure vindication of the defendant's Sixth Amendment right to counsel." Mickens v.Taylor (2002), 535 U.S. 162, 176. Mickens clarified and limited application of the prophylactic rules only to situations where counsel was subject to actual conflicts of interest, where a conflict of interest "actually affected the adequacy of his representation." Id. at 171-172.
 {¶ 32} Appellant argues that he has met the requirements ofMickens, which held that where a trial court knows of (or is alerted to) a potential conflict of interest and fails to conduct an inquiry, a defendant may not obtain relief unless the defendant can establish that his counsel's conflict of interest adversely affected his counsel's performance. Id. at 173-174. In support of his contention that his appointed counsel's performance was adversely affected, appellant points only to counsel's advice to appellant that he waive his right to a jury trial. Since our scrutiny of counsel's performance is highly deferential, State v. Coulter (1992), 75 Ohio App.3d 219, 230, and since appellant did not overcome the presumption that counsel's actions were part of a valid trial strategy,Strickland v. Washington (1984) 466 U.S. 668, 689, counsel's alleged advice to appellant to waive a jury trial was not an instance of ineffective assistance. Further, counsel's representation of appellant at the sentencing phase was not adversely affected.
 {¶ 33} One further issue, not raised by the parties in their briefs, deserves attention. The trial judge's failure to inquire into whether appellant's counsel's potential conflict of interest seemed to be based, at least in part, upon appellant's waiver of any conflict of interest. Appellant's written waiver on this point was not made part of the record, and the excerpt quoted above indicates that the trial judge never saw the waiver.
 {¶ 34} There is a "serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.Johnson v. Zerbst, 304 U.S. 458, 465." Glasser v.United States (1942), 315 U.S. 60, 71. Where there is a right to counsel the Sixth Amendment also guarantees that representation will be free from conflicts of interest. State v. Gillard
(1992), 64 Ohio St.3d 304, 312.
 {¶ 35} "In order to establish an effective waiver of a right to counsel the trial court must make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right." State v. Gibson (1976),45 Ohio St.2d 366, paragraph two of the syllabus. Further, in order for appellee to rely on a written waiver of appellant's right to conflict-free counsel, it must have been part of the record, for a court of record speaks only through its journal. See e.g., Schenley v. Kauth (1953), 160 Ohio St. 109, paragraph one of the syllabus.
 {¶ 36} Here, regardless of whether a valid waiver was in fact executed, appellant still cannot show that his counsel's performance fell below an objective standard of reasonableness such that prejudice could be presumed. Appellant's second assignment of error is found not well-taken.
 {¶ 37} III.
 {¶ 38} In his third assignment, appellant asserts that his conviction was against the manifest weight of the evidence. A conviction is against the manifest weight of the evidence when a greater amount of credible evidence supports acquittal. State v.Thompkins (1997), 78 Ohio St.3d 380, 387. Challenges to the weight of the evidence attack the credibility of the evidence presented. Id. A reviewing court must accord due deference to credibility determinations made by the factfinder. State v.DeHass (1967), 10 Ohio St.2d 230.
 {¶ 39} Here, a greater amount of credible evidence does not support acquittal. Even though, as appellant points out, "[m]ere proximity to the scene of suspected criminal activity cannot alone give rise to probable cause," State v. Donahue (June 17, 1987), Hamilton App. No. C-860458, unreported, and the testimony of one eyewitness constitutes the greatest amount of evidence, the trial court also found that the timetable for when the fire was started and when the fire was noticed correlated with the eyewitness identification of appellant as the person next to the mobile home just prior to the fire's discovery. This, together with appellant's motive and appellant's statements to the victim and firefighters immediately after the fire, was sufficient for the factfinder to conclude beyond a reasonable doubt that appellant started the fire. Therefore, this assignment of error is not well-taken.
 {¶ 40} IV.
 {¶ 41} Appellant contends in his fourth assignment of error that cumulative errors deprived him of a fair trial such that his conviction must be reversed. Although one or more particular errors may not be prejudicial, the cumulative effect of the errors may deprive a defendant of his right to a fair trial in violation of Due Process. State v. DeMarco (1987),31 Ohio St.3d 191, paragraph two of the syllabus. "However, in order even to consider whether `cumulative' error is present, we would first have to find that multiple errors were committed in this case."State v. Madrigal (2000), 87 Ohio St.3d 378, 398. Since we find no reversible error in these proceedings, appellant's fourth assignment of error is not well-taken.
 {¶ 42} Upon consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Costs to appellant.
Judgment affirmed.
Pietrykowski, J., Lanzinger, J., Singer, J., concur.